UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT EWANS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>Defendants. | Civil Action No. 24-7901 (SDW-JRA)<br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about July 23, 2024, Plaintiff Robert Ewans, a pretrial detainee in Morris County Correctional Facility in Morristown, New Jersey, filed a *pro se* complaint (ECF No. 1) without paying the $405 filing and administrative fees or submitting a properly completed application to proceed without prepayment of the filing fee ("IFP Application") under 28 U.S.C. § 1915(a). Therefore, this matter was administratively terminated (ECF No. 4), subject to reopening.

2. Plaintiff subsequently filed a properly completed IFP application under 28 U.S.C. § 1915(a), which establishes his financial eligibility to proceed without prepayment of the filing fee. (ECF No. 5). His motion for leave to proceed *in forma pauperis* (ECF No. 5) and IFP application (ECF No. 9) will be granted.

3. Between August 19 and 26, 2024, Plaintiff filed three self-styled "motion[s] to add," submitting to the Court exhibits, affidavits, and a new complaint. (ECF Nos. 6, 7, 8). This Court will grant Plaintiff's motions to add, and permit these documents to be filed on the docket as exhibits to the amended complaint. Finally, on August 30, 2024, Plaintiff submitted a letter requesting that his complaint also be filed as a criminal action to initiate a prosecution of the

1

defendants. (ECF No. 10). This request will be denied because initiating a criminal prosecution is an act of the executive branch of government, not the judicial branch. *See Nicholas v. Heffner*, 228 F. App'x 139, 141 (3d Cir. 2007) ("the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment.")

4. When a plaintiff is granted IFP status, the district court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

6. Plaintiff filed a subsequent complaint (ECF No. 6-1 at 11-18) in this matter. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (citations omitted). Therefore, this Court will review the amended complaint for *sua sponte* dismissal, and the original complaint is

2

no longer operative.  Plaintiff should be advised that he must comply with Federal Rule of Civil Procedure 15 when filing amended or supplemental complaints.

       7.  The defendants named in the amended complaint (ECF No. 6-1 at 11-18) are the State of New Jersey, Public Defender Christopher Rivera, Somerset County Sheriff Darren J. Russo, Somerset County Prosecutors Office and Judge Jonathon W. Romankow.  In summary, Plaintiff alleges common law is the law of the land, therefore, New Jersey statutes are null and void, and the New Jersey Superior Court lacked jurisdiction over him. Thus, his arrest and detention for terroristic threats under New Jersey law constituted treason, kidnapping, false arrest and false imprisonment.  During a state court proceeding, Plaintiff challenged the court's jurisdiction on the basis that he is a natural living person.  Plaintiff was then subjected to an attempted competency hearing under state law, which he alleges is not a legal proceeding and violates his medical privacy under federal law, HIPPA.  Finally, Plaintiff asserts his due process right to be heard in his criminal proceeding was violated when he was detained in a holding cell outside the courtroom after declaring himself a living breathing man, requesting a signed contract, and challenging the state court's jurisdiction in open court on April 24, 2024.  This claim, as pled, is also frivolous.  *See e.g. Mirarchi v. United States Exec. Branch of Gov't*, No. 23-CV-1549, 2023 WL 5598454, at *3 (E.D. Pa. Aug. 29, 2023), *aff'd sub nom. Mirarchi v. United States Exec. Branch of the Gov't*, No. 23-2673, 2023 WL 8179275 (3d Cir. Nov. 27, 2023) (dismissing complaint of general grievances about government as frivolous and for lack of jurisdiction).

       8.  For these reasons, the Court will dismiss the amended complaint for failure to state a claim.  Plaintiff will be granted leave to file a second amended complaint within 30 days.

An appropriate Order follows.

DATE: September 9, 2024

_____
Hon. Susan D. Wigenton,
United States District Judge