## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT EWANS,** | Civil Action No. 24-07901 (SDW-JRA) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **STATE OF NEW JERSEY, et al.,** | |
| **Defendants.** | |

**IT APPEARING THAT:**

1. This Court dismissed Plaintiff Robert Ewans's complaint on September 9, 2024 pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 16). Plaintiff was granted leave to amend. (*Id.*)

2. Plaintiff submitted a proposed amended complaint on October 1, 2024, (ECF No. 20), and an amendment adding an additional defendant on January 8, 2025, (ECF No. 30). This Court considers the most recent submission docketed at ECF No. 30 to be the operative proposed amended complaint for purposes of its § 1915(e)(2)(B) review.

3. Plaintiff now seeks to pursue claims against Somerset County Sheriff Darren J. Russo, the Somerset County Prosecutor's Office, Judge Jonathon W. Romankow, Judge Peter J. Tober, and Public Defender Christopher Rivera. (ECF No. 30 at 2).

4. In summary, Plaintiff alleges common law is the law of the land, therefore, New Jersey statutes are null and void, and the New Jersey Superior Court lacked jurisdiction over him. Thus, his arrest and detention for terroristic threats under New Jersey law constituted treason, kidnapping, false arrest, and false imprisonment because Plaintiff is "people" and a "living soul," not a "person." (*Id.* at 4). He accuses Defendants of "commit[ting] the crime of *personage*: the

crime of knowingly misrepresenting *a living man* or woman as a legal fiction, some form of corporation, *municipality*, or *trust*, public utility, or foundation." (*Id.* at 5 (emphasis in original)). Plaintiff further alleges that Defendants falsely accused him of a crime to "defraud [him] of property, and to raise money for themselves and the banks they work for." (*Id.*) "They did this by redefining my status as *a living breathing man* and my property assets as *estates*, corporate entities, dead entities which fall within the *jurisdiction of the sea*." (*Id.* at 6 (emphasis in original)).

5.   Plaintiff's claims as stated in the proposed amended complaint are frivolous. "[A] case is frivolous is when 'it depends on an indisputably meritless legal theory.'" *Mirarchi v. United States Exec. Branch of the Gov't*, No. 23-2673, 2023 WL 8179275, at *2 (3d Cir. Nov. 27, 2023) (quoting *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020)).

6.   This Court concludes that the complaint should be dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). This Court further concludes that it would be futile to permit Plaintiff to submit another proposed amended complaint, so the dismissal shall be with prejudice. *See LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 291 (3d Cir. 2021) (explaining that "leave to amend need not be granted if amendment would be futile or inequitable"). Plaintiff is denied leave to further amend the complaint.

7.   An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge

Dated: February 10, 2025